**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Ruben Vasquez, Jose Pedraza, Rafael Sandrin, ) <br> J. Carmen Casillas, Daniel Mendoza ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Joseph Limanowski, Mid-America Tree and ) <br> Landscape, Inc., ) <br> ) <br> Defendants. ) | Case No. 18-cv-5420 <br><br><br><br><br><br><br><br> Jury Demanded |

**COMPLAINT**

NOW COME the Plaintiffs, Ruben Vasquez, Jose Pedraza, Rafael Sandrin , J. Carmen Casillas, Daniel Mendoza, J. Carmen Casillas, Daniel Mendoza, by and through their attorney, Jorge Sanchez, and for their Complaint state as follows:

**Introduction**

1.  Plaintiffs bring three (3) counts in this Complaint: Count I arises out of Defendants' failure to pay Plaintiffs overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"); Count II arises out of Defendants' failure to pay Plaintiffs overtime compensation as required by the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 et seq. ("IMWL"); Count III arises out of Defendants' failure to pay Plaintiffs the prevailing wage for their work performed on public works projects as required by the Illinois Prevailing Wage Act, 820 Ill. Comp. Stat. 130/0.01 et seq. ("IPWA").

**Jurisdiction**

This Court has original jurisdiction over Count I of the Complaint pursuant to the FLSA, 29 U.S.C. §216(b), and under 28 U.S.C. §1331 (federal question jurisdiction), and this Court has pendent jurisdiction over Counts II and III pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

**Venue**

2.      The acts and/or omissions of the Defendants, complained of herein, were committed within the State of Illinois and within the venue of the Northern District of Illinois; accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. §1391(b).

**Parties**

3.      At all times relevant, Plaintiff Ruben Vasquez was an adult resident of the City of Joliet, Illinois. Defendants employed Mr. Vasquez as a landscaper until September 1017; throughout his employment by the Defendants, they paid Mr. Vasquez at the regular rate of pay of $15.00/hour for all hours worked including those hours worked beyond 40 hours per week.

4.      At all times relevant, Plaintiff Jose Pedraza was an adult resident of the City of Joliet, Illinois. Defendants employed Mr. Pedraza as a landscaper until September 2017; throughout his employment by the Defendants, they paid Mr. Pedraza at the regular rate of pay of $12.50/hour for all hours worked including those hours worked beyond 40 hours per week.

5.      At all times relevant, Plaintiff Rafael Sandrin was an adult resident of the City of Joliet, Illinois. Defendants employed Mr. Sandrin as a landscaper until December 2016; throughout his employment by the Defendants, they paid Mr. Sandrin at the regular rate of pay between $14.00 and $16.00 per hour for all hours worked including those hours worked beyond 40 hours per week.

6.      At all times relevant, Plaintiff J. Carmen Casillas was an adult resident of the City of Crest Hill, Illinois. Defendants employed Mr. Casillas as a landscaper until the present; throughout his employment by the Defendants, they paid Mr. Casillas at the regular rate of pay of $15.00/hour for all hours worked including those hours worked beyond 40 hours per week.

7.      At all times relevant, Plaintiff Daniel Mendoza was an adult resident of the City of Joliet, Illinois. Defendants employed Mr. Mendoza as a landscaper until the present;

throughout his employment by the Defendants, they paid Mr. Mendoza between $13.00 and $14.00 per hour for all hours worked including those hours worked beyond 40 hours per week.

8. At all times relevant hereto, Defendant Joseph Limanowski ("Limanowski ) was an adult resident of the State of Illinois and was the President and owner of Defendant Mid-America Tree and Landscaping, Inc. ("Mid-America").

9. At all times relevant hereto, Defendant Limanowksi was authorized to enter into contracts on behalf of the Defendant Mid America, and was directly involved in the day-to-day business operations of Mid-America.

10. At all times relevant hereto, Defendant Limanowski possessed the authority to hire and fire employees; to direct and supervise the work of employees; to sign checks on the employer's checking accounts, including payroll accounts; and to make decisions regarding employee compensation and capital expenditures.

11. At all times relevant hereto, Defendant Limanowski, was a person acting directly or indirectly in the interest of an employer in relation to an employee.

12. Limanowski is an "employer" under the FLSA, IMWL and IPWA.

13. At times relevant hereto, the Defendant Mid-America was a business corporation organized under the laws of the State of Illinois, and was licensed to do business, and was doing business in the State of Illinois and within the Northern District of Illinois and was Plaintiffs' "employer" as that term is defined under the FLSA. IMWL and IPWA.

**Factual Background**

14. At all times relevant hereto, the Plaintiffs were employees of the Defendants and performed landscaping work for the cities of Orland Park, Mokena, and Tinley Park, Illinois.

15. Upon information and belief, at all times relevant hereto, Mid-America was subcontracted to provide landscaping services for public works projects in Orland Park, Mokena and Tinley Park, in the State of Illinois.

12

16. During their employment by the Defendants, Plaintiffs were routinely directed by the Defendants to work, and did work, hours in excess of forty (40) hours per workweek, including Saturdays.

17. During their employment by the Defendants, Plaintiffs were not paid at the appropriate overtime rate of pay for hours worked in excess of forty (40) hours per work week.

18. During their employment by the Defendants, Plaintiffs were not paid the minimum wage for all hours worked and were only paid straight time for all hours worked in excess of 40 hours per week.

19. During their employment by the Defendants, Plaintiffs were not paid the prevailing wage for the hours of work they were employed on public works projects.

20. Defendants failure to properly compensate Plaintiffs for the work they performed was intentional and/or otherwise occurred in bad faith.

## COUNT I
## FLSA Overtime - 29 U.S.C. § 207(a)

21. Plaintiffs adopt by reference thereto and incorporate fully herein, paragraphs 1 through 20 of Plaintiffs' Complaint as if set forth fully.

22. At all times relevant hereto, Plaintiffs were "employees" of the Defendants.

23. At all times relevant hereto, each of the Defendants was an "employer" of the Plaintiffs.

24. At all times relevant hereto, the Defendants were subject to the requirements of the FLSA.

25. The FLSA required the Defendants to compensate the Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed ("overtime rate") for all hours worked in excess of forty in any workweek.

26. Defendants failed to compensate Plaintiffs at the overtime rate for the hours that Plaintiffs worked in excess of forty in any workweek.

13

27. At all times relevant hereto, the Defendants knew, or should have known, of their obligation to pay the Plaintiffs overtime compensation for the hours that Plaintiffs worked in excess of forty in any workweek.

28. Defendants' failure to pay Plaintiffs overtime compensation violated the maximum hours provisions of the FLSA.

29. Defendants' failure to pay Plaintiffs' overtime compensation for all hours worked in excess of forty in a workweek, was intentional and was not based upon good faith or other reasonable grounds.

30. As a direct and proximate result of the Defendants' willful failure to pay Plaintiffs overtime compensation for all hours worked in excess of forty in any workweek, Plaintiffs have been caused to suffer damages including the loss of wages and other damages.

31. As a direct and proximate result of the Defendants' willful conduct, the Defendants are liable to Plaintiffs for back wages, liquidated damages, pre-judgment interest, attorney fees and costs, for their violations of the Plaintiffs' statutory rights under the Fair Labor Standards Act.

WHEREFORE, Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants on Count I of the Complaint, and grant Plaintiffs the following relief:

a. Declare that the Defendants, by their acts and/or omissions, violated the Fair Labor Standards Act and are liable to the Plaintiffs;
b. Award Plaintiffs their unpaid overtime compensation for the three-year period prior to the date of filing of the Complaint herein; pursuant to 29 U.S.C. §216(b).
c. Award Plaintiffs liquidated damages and in an amount equal to Plaintiffs' unpaid overtime compensation for the three-year period prior to the date of filing of the Complaint herein; pursuant to 29 U.S.C. §216(b).
d. Award Plaintiffs pre-judgment interest;
e. Award Plaintiffs their reasonable attorney fees and costs incurred herein; pursuant to 29 U.S.C. §216(b).
f. And such other and further relief as this Honorable Court deems just and proper.

**COUNT II**
**IMWL Overtime - 820 ILCS 105/4(a)(1).**

32. Plaintiffs adopt by reference thereto and incorporate fully herein, paragraphs 1 through 22 of Plaintiffs' Complaint.

33. At all times relevant hereto, the Defendants were required to pay to each of its employees, age 18 or older, an hourly wage and at a rate not less than the minimum hourly wage rate established by the Illinois Minimum Wage Law. 820 ILCS 105/4(a)(1).

34. At all times relevant hereto, Plaintiffs were age 18 or older and were "employees" of the Defendants.

35. At all times relevant hereto, each of the Defendants was an "employer" of the Plaintiffs.

36. Plaintiffs were entitled to be paid the minimum wage for all hours that they worked for Defendants.

37. Defendants failed to pay Plaintiffs the minimum wage for all hours that Plaintiffs worked.

38. At all times relevant hereto, the Defendants acted intentionally and/or in reckless disregard of their obligation to pay their employees the minimum wage under the IMWL.

39. Defendants' failure to pay Plaintiffs the minimum wage for all hours worked violated the IMWL.

40. Defendants' failure to pay Plaintiffs the minimum wage for all hours worked was intentional and was not based upon good faith or other reasonable grounds.

41. As a direct and proximate result of the Defendants' willful failure to pay Plaintiffs the minimum wage for all hours worked during any workweek, the Plaintiffs have been caused to suffer damages including the loss of wages and other damages.

42. As a direct and proximate result of the Defendants' willful conduct, the Defendants are liable to Plaintiffs for back wages and attorney fees and costs, for their violations of the Plaintiffs' statutory rights under the Illinois Minimum Wage Law.

15

WHEREFORE, Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants on Count II of the Complaint, and grant Plaintiffs the following relief:

a. Declare that the Defendants, by their acts and/or omissions, violated the IMWL and are liable to the Plaintiffs;

b. Award Plaintiffs their unpaid minimum wages for the three-year period prior to the date of filing of the Complaint herein; pursuant to 820 ILCS §105/12(a).

c. Award Plaintiffs their reasonable attorney fees and costs incurred in the prosecution of Plaintiffs' Complaint herein; pursuant to 820 ILCS §105/12(a).

d. And such other and further relief as this Honorable Court deems just and proper.

## COUNT III
Illinois Prevailing Wage Act

43. Plaintiffs adopt by reference thereto and incorporate fully herein, paragraphs 1 through 22 of Plaintiffs' Complaint.

44. At all times relevant hereto, the Defendants were contractors that provided labor to one or more public bodies engaged in public works including the cities of Orland Park, Mokena, and Tinley Park, Illinois.

45. At all times relevant hereto, the Prevailing Wage Act required all contractors and subcontractors that provide labor for public works projects to pay their laborers the prevailing wage in the locality for such work.

46. At all times relevant hereto, Plaintiffs performed landscaping work for the Defendants on public works project(s) works including in the cities of Orland Park, Mokena, and Tinley Park, Illinois.

47. At all times relevant hereto, Defendants failed to pay Plaintiffs the prevailing wage for the locality of the work that Plaintiffs performed for Defendants on public works projects; Defendants' failure to pay the prevailing wage was intentional.

48. As a direct and proximate result of the Defendants' intentional failure to pay Plaintiffs the prevailing wage for their labor on public works projects, Defendants have

violated the Prevailing Wage Act, and have caused the Plaintiffs to suffer pecuniary damage including the loss of wages and other damages.

49. As a direct and proximate result of the Defendants' intentional failure to pay Plaintiffs the prevailing wage for their labor, Defendants are liable to the Plaintiffs for lost wages and attorney fees and costs, for their violations of the Plaintiffs' statutory rights under the Prevailing Wage Act.

WHEREFORE, Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants on Count III of the Complaint, and grant the following relief:

a. Declare that the Defendants, by their acts and/or omissions, violated the Prevailing Wage Act and are liable to the Plaintiffs;
b. Award Plaintiffs their unpaid prevailing wages, (including overtime pay as appropriate), plus the value of the economic benefits appurtenant to employment, for the five-year period prior to the date of filing of the Complaint, pursuant to 820 ILCS 130/11;
c. Award Plaintiffs their reasonable attorney fees and costs incurred in the prosecution of Plaintiffs' Complaint, pursuant to 820 ILCS 130/11;
d. Such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

By: /s/ Jorge Sanchez
One of Plaintiffs' attorneys

Jorge Sanchez
Lopez and Sanchez, LLP
77 W. Washington St.
Suite 1313
Chicago, IL 60602
(312) 420-6784
attysanchez@gmail.com

17